IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:17cr76 |
| v. ) | |
| ) | |
| ELMER EMMANUEL EYCHANER, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO DISMISS
### COUNT ONE WITH MEMORANDUM IN SUPPORT

Defendant, Elmer Emmanuel Eychaner, by counsel and pursuant to Rules 12(b)(1) and (b)(3) of the Federal Rules of Criminal Procedure, hereby moves this Honorable Court to dismiss Count One of the indictment in the above-captioned case. In support of this motion, Mr. Eychaner states that Count One is duplicitous as it alleges more than one offense in a single count.

### BACKGROUND

On August 16, 2017, Mr. Eychaner was charged with offenses relating to child pornography. In relevant part, Count One alleges Access with Intent to View Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Specifically the Indictment sets forth that Mr. Eychaner "did knowingly access with intent to view at least one matter, that is **websites**, which contained visual depictions that has been mailed, shipped and transported using any means and facility of interstate and foreign commerce, has been shipped and transported and in affecting interstate and foreign commerce, and was produced using materials which have been mailed and shipped and transported in and affecting interstate and foreign commerce, by any means including a computer, and the production of such visual depiction

involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct." (ECF No. 1) (emphasis added).

On September 5, 2017, Mr. Eychaner entered a plea of not guilty and trial was scheduled for January 9, 2018.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 12(b)(1) states "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The Supreme Court has explained that a defense may be raised and adjudicated in a pre-trial motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969).

With respect to Count One, Mr. Eychaner raises the purely legal question of whether Count One should be dismissed in its entirety for duplicity because it charges more than one offense. Rule 12(b)(3)(B)(i) allows a motion for dismissal to be filed before trial if there is "a defect in the indictment or information, including . . . joining two or more offenses in the same count (duplicity)[.]" Fed. R. Crim. P. 12(b)(3)(B)(i).

## ARGUMENT

### I.     Count One Must Be Dismissed For Duplicity Because It Charges More Than One Offense.

Count One of the Indictment should be dismissed because it joins two distinct and separate offenses in a single count. It charges that Mr. Eychaner accessed "websites" with the intent to view visual depictions of minors engaged in sexually explicit conduct. (*See* ECF No. 1.) Not only does the government allege an unknown number of websites in a single count, it fails to identify the websites it alleges he visited with this illicit intent.

An indictment is duplicitous if it charges two offenses in one count, creating "the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017) *quoting United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Moazzeni*, 908 F. Supp. 2d 748, 750 (E.D. Va. 2012).

It is well-settled that the prohibition on duplicity does not apply if the multiple acts could be characterized as part of a single, continuing offense, or scheme. *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006) (noting that when an indictment alleges a "continuing course of conduct, during a discrete period of time," the indictment is not prejudicially duplicitous). That is not the case here. In *United States v. Toussie*, 387 U.S. 112 (1970), the Supreme Court recognized that a "continuing offense" applies only in limited circumstances. More specifically, under *Toussie*, an offense may be characterized as continuing if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id*. at 115.

Moreover, defense counsel is not aware of any binding law in this jurisdiction stating that an offense charged under 18 U.S.C. § 2252(a)(4)(B) is a continuing offense on its face. Unlike conspiracies, for instance, which by their very nature do not have a "'beginning' in the conventional sense of the word," accessing a website with the intent to view images of child pornography can be identified at specific dates, times, and locations. *See*, *e.g.*, *United States v. Martinez*, 190 F. App'x 321, 327 (4th Cir. 2006) ("Conspiracy is a continuing offense, constantly renewing itself.") (citing *United States v. Carter*, 300 F.3d 415, 427 (4th Cir. 2002)); *id*.

("[C]onspiracies, by their very nature, do not have a 'beginning' in the conventional sense of the word."). Here, Mr. Eychaner's conduct is not alleged as part of a larger scheme or plan.

The Fourth Circuit has also stated that "an indictment is not duplicitous 'if it includes in [one] count multiple ways of committing a single offense.'" *Robinson*, 855 F.3d at 270. (*quoting United States v. Daugerdas*, 837 F.3d 212, 225 (2d Cir. 2016). "Indeed, a jury can disagree on the means by which a defendant committed an offense, so long as it unanimously agrees that each element of the offense is satisfied." *Id.* Here, the government is not alleging various *means* by which Mr. Eychaner committed the offense of Access with Intent to View Child Pornography. Instead, the government is alleging multiple acts. There is a distinction.

Duplicitous charges may prejudice a defendant in various ways. "[T]he defendant may not understand the charges against [him], might be convicted by less than a unanimous jury, may be prejudiced by evidentiary rulings at trial, or may be subjected to double jeopardy." *United States v. Shorter*, 874 F.3d 969, 976–77 (7th Cir. 2017); *quoting Davis*, 471 F.3d at 790. In this case, there is a serious risk that a duplicitous Count One could result in the jury returning a less than unanimous verdict because one juror may conclude he accessed website A with an intent to view child pornography and another juror may disagree, yet return a verdict of guilty because he or she believes he accessed website B with that same intent. Because the total number of "websites" alleged by the government is unknown, disagreement amongst jurors could happen multiple times, with all twelve jurors. Such a result prejudices Mr. Eychaner because he has a fundamental, constitutional right to a unanimous verdict. U.S. Const. Amend. 6.

Additionally, a risk of prejudice exists that Mr. Eychaner cannot understand the specific charge against him. The discovery provided to the defense thus far shows that Mr. Eychaner allegedly visited multiple websites on November 17, 2016, most of which *did not* return images

of child pornography as defined in 18 U.S.C. § 2256(2).  Instead, the discovery appears to suggest that Mr. Eychaner allegedly visited multiple websites that returned *hundreds* of images that the government considers "obscene cartoons," with a few images that the defense anticipates the government to allege are images of actual minors.  The defense has no information regarding which specific images the government believes involve actual minors or even how many images the government believes involve actual minors, other than the government's indication to defense counsel, via a brief verbal exchange, that there are roughly one dozen images total.  Importantly, the indictment fails to identify which "websites" the government alleges contain images of actual minors, and the discovery provided to the defense does not clarify which "websites" Count One is referencing..  In short, it is impossible to prepare a defense to Count One as written because it is duplicitous.

## CONCLUSION

Because charging more than one offense in the same count is a defect in the indictment, this Court should dismiss Count One for duplicity.

Respectfully submitted,

ELMER EYCHANER

By:_____/s/_____
Amanda C. Conner
VSB # 88317
Assistant Federal Public Defender
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0816
(757) 457-0880 (telefax)
amanda_conner@fd.org

**CERTIFICATE OF SERVICE**

      I certify that on this 13th day of December, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Lisa Rae McKeel
United States Attorney's Office
721 Lakefront Commons
Suite 300
Newport News, Virginia 23606
(757) 591-4000
Email: Lisa.McKeel@usdoj.gov

Megan Cowles
United States Attorney Office - Newport News
Fountain Plaza Three
721 Lake Front Commons
Suite 300
Newport News, Virginia 23606
Email: megan.cowles@usdoj.gov

                                                _____/s/_____

                                                Amanda C. Conner
                                                VSB # 88317
                                                Assistant Federal Public Defender
                                                Office of the Federal Public Defender
                                                150 Boush Street, Suite 403
                                                Norfolk, Virginia 23510
                                                (757) 457-0816
                                                (757) 457-0880 (telefax)
                                                amanda_conner@fd.org