IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:17cr3 |
| v. ) | |
| ) | |
| ELMER EYCHANER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant, Elmer Eychaner, by and through counsel, and pursuant to Federal Rule of Criminal Procedure 7(f), hereby moves this Honorable Court for an order directing the government to provide a bill of particulars, apprising Mr. Eychaner of the facts alleged against him in the indictment filed in the above-captioned case.[1]

**LEGAL STANDARD**

An indictment implicates a defendant's constitutional due process right to reasonable notice of the charges. *See, e.g., Stroud v. Polk*, 466 F.3d 291, 296 (4th Cir. 2006). An indictment is defective if it fails to apprise the defendant, with reasonable certainty, of the accusation. *Russell v. United States*, 369 U.S. 749, 765 (1962). Therefore, to be valid, an indictment must contain the elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy in a subsequent prosecution for a similar offense. *Id.* at 764; *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009). Failure of an indictment to include every essential element of the offense may result in dismissal of the charged count in order to cure the defect.

---

[1] Mr. Eychaner filed Motions to Dismiss Counts One and Two. *See* ECF Nos. 21 and 22. In the event those motions are denied, he respectfully requests that this Court grant this Motion for a Bill of Particulars.

1

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an "indictment or information must be a plain, concise, and *definite* written statement of the *essential facts* constituting the offense charged…" Fed. R. Crim. P. 7(c)(1) (emphasis added). It is not enough for the indictment to merely regurgitate the statutory language without alleging facts. *See United States v. Brandon*, 298 F.3d 307 (4th Cir. 2002) ("[S]imply parroting the language of the statute in the indictment is insufficient. When the words of a statute are used to describe the offense generally, they 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.' Thus, the indictment must also contain a 'statement of the *essential facts* constituting the offense charged.'") (emphasis in original).

When the indictment is insufficient as to the nature of the charges, Rule 7(f) permits the court to "direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f); *see also United States v. Chandler*, 753 F.2d 360, 362 (4th Cir. 1985) ("Charging the generic offense may have created some ambiguity as to what facts the government might seek to prove at trial. . . . The defendants' remedy therefore was to seek a bill of particulars to clarify the specific factual theory (or theories) upon which the government was proceeding.") (*citing United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972); *United States v. Previti*, 644 F.2d 318 (4th Cir. 1981)). Whether to grant a bill of particulars is a matter within the sound discretion of the trial court. *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985).

## ARGUMENT

The allegations in Counts One and Two of the indictment fail to properly apprise Mr. Eychaner of the specific facts upon which the government is proceeding. A Bill of Particulars is therefore necessary to enable Mr. Eychaner to prepare an effective defense to the government's allegations in Counts One and Two.

A Bill of Particulars "identifies for the defendant the area within which the government's chief evidence will fall," and is designed to permit a defendant to effectively prepare a defense and avoid unfair surprise at trial. *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996)*; see also United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). A Bill of Particulars should be granted when it is necessary to provide sufficient information to a defendant of the charge against him, to allow him to prepare for trial, and to minimize the dangers of surprise. *Id.* at 934-35; *see also United States v. Dicesare*, 765 F.2d 890, 897 (9th Cir. 1985) ("[A] Bill of Particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense."); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) ("[A bill of particulars] merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial."). A Bill of Particulars also ensures that the charges against a defendant are presented with sufficient precision to avoid double jeopardy at retrial. *Russell*, 369 U.S. at 765.

Count One charges that, "On or About November 17, 2016, in the Eastern District Of Virginia, defendant ELMER EMMANUEL EYCHANER, III, did knowingly access with intent to view at least one matter, **that is websites**, which contained visual depictions that has been mailed, shipped and transported using any means and facility of interstate and foreign commerce, has been shipped and transported and in affecting interstate and foreign commerce, and was produced using materials which have been mailed and shipped and transported in and affecting interstate and

foreign commerce, by any means including a computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct." (ECF No. 1).

     A Bill of Particulars is necessary to properly defend Count One because the government has provided *no specifics* as to which website(s) Mr. Eychaner allegedly accessed with the intent to view child pornography, or even which images are of actual minors versus are animated. The discovery provided to the defense thus far reveals that Mr. Eychaner allegedly visited multiple websites on November 17, 2016, most of which did not return images of child pornography as defined in 18 U.S.C. § 2256(2). Instead, the discovery appears to suggest that Mr. Eychaner allegedly visited multiple websites that returned hundreds of images that the government considers "obscene cartoons," with a few images that the defense anticipates the government will proffer are images of actual minors. The defense has no information regarding which specific images the government believes depict actual minors or even how many images the government believes depict actual minors, other than the government's indication to defense counsel, via a brief verbal exchange, that there are roughly one dozen images total.

     In order to properly defend against Count One, it is imperative to know which website(s) the government is referring to when it alleges that Mr. Eychaner accessed with the intent to view child pornography. Likewise, the specificity is necessary so that a determination can be made by the jury whether the images in question within that website meet the appropriate definitions under 18 U.S.C. § 2256(2). It is also necessary to know which specific images the government alleges are of actual minors. Without this information, Count One is impossible to defend and does not sufficiently apprise Mr. Eychaner of his charged offense. Additionally, Count One's failure to include the essential facts constituting the offense charged could result in the jury returning

inconsistent verdicts because one juror may think he accessed Website A with intent to view child pornography and another jury may disagree, but believed he accessed Website B with that same intent. Such a result prejudices Mr. Eychaner because he has a fundamental, constitutional right to a unanimous verdict. U.S. Const. Amend. 6.

Count Two is equally, if not more, problematic. It charges that, "On or about November 17, 2016, in the Eastern District Of Virginia, the defendant ELMER EMMANUEL EYCHANER, III, knowingly received and attempted to receive visual depictions that depict minors engaging in sexually explicit conduct and are obscene, to wit: **obscene anime cartoons**, that were mailed and shipped and transported in interstate and foreign commerce by any means, including by computer, and were produced using materials that have been mailed, and that had been shipped and transported in interstate or foreign commerce by any means, including a computer." (ECF No. 1.)

Again, the government has failed to provide *any specific facts* concerning regarding what constitutes the "obscene anime cartoon(s)" that Mr. Eychaner allegedly received or attempted to receive on or about November 17, 2016. In order to prove a violation of 18 U.S.C. § 1466A, the government must produce sufficient evidence at trial that the cartoon in question 1) depicts a minor engaging in sexually explicit conduct, and 2) that the image is obscene. As described above, the government has provided information to the defense in discovery that Mr. Eychaner allegedly viewed hundreds and hundreds of images, some that without question do not constitute "obscene anime cartoons." There are images contained within the discovery that all parties will agree are legal, and there are images that the parties will certainly disagree as to their legality. Without additional information about what specific image the government plans to allege fits the unique definition of the offense, it is impossible for Mr. Eychaner to prepare a defense or plead double jeopardy in a subsequent prosecution for a similar offense. Leaving the indictment as is also risks

the possibility that the jury could return inconsistent verdicts if one juror believes one image is obscene and another juror believes that same image is not obscene, but believes a different image is.

Wherefore, with respect to Count One, Mr. Eychaner moves this Court to order that the government provide a Bill of Particulars concerning, 1) what "website" he is alleged to have accessed with the intent to view child pornography, and 2) which image(s) the government believes involve actual minors. With respect to Count Two, Mr. Eychaner moves this Court to order that the government provide a bill of particulars outlining what "obscene anime cartoon" that Mr. Eychaner allegedly received or attempted to receive.

Respectfully submitted,

ELMER EYCHANER

By:_____/s/_____
Amanda C. Conner
VSB # 88317
Assistant Federal Public Defender
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0816
(757) 457-0880 (telefax)
amanda_conner@fd.org

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of December, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Lisa Rae McKeel
United States Attorney Office
721 Lakefront Commons
Suite 300
Newport News, Virginia 23606
(757) 591-4000
Email: Lisa.McKeel@usdoj.gov

Megan Cowles
United States Attorney Office
Fountain Plaza Three
721 Lake Front Commons
Suite 300
Newport News, Virginia 23606
Email: megan.cowles@usdoj.gov


                                                                                                                                  _____/s/_____

                                                       Amanda C. Conner
                                                       VSB # 88317
                                                       Assistant Federal Public Defender
                                                       Office of the Federal Public Defender
                                                       150 Boush Street, Suite 403
                                                       Norfolk, Virginia 23510
                                                       (757) 457-0816
                                                       (757) 457-0880 (telefax)
                                                       amanda_conner@fd.org