IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:17cr76 |
| | ) | |
| v. | ) | |
| | ) | |
| ELMER EMMANUEL EYCHANER, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNT ONE, MOTION TO DISMISS COUNT
TWO, MOTION FOR A BILL OF PARTICULARS, AND MOTION FOR SEVERANCE OF
COUNT FIVE OR IN THE ALTERNATIVE FOR A BIFURCATED TRIAL

The United States of America, through its attorneys, Dana J. Boente, United States

Attorney, and Megan M. Cowles and Lisa R. McKeel, Assistant United States Attorneys,

respectfully submits this response in opposition to the defendant's motions to dismiss Count One,

dismiss Count Two, bill of particulars, and severance of Count Five or in the alternative for a

bifurcated trial.    For the reasons set forth below, the Court should deny the defendant's Motions.

## BACKGROUND

On August 16, 2017, the defendant, ELMER EMMANUEL EYCHANER, was charged in

a five-count indictment by a federal grand jury sitting in Newport News, Virginia.    The

indictment charges the defendant with Access with Intent to View Visual Depictions of Minors

Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count One);

Attempted Receipt of Obscene Visual Representations of the Sexual Abuse of Children, in

violation of 18 U.S.C. § 1466A(a)(1) (Count Two); Destruction of a Tangible Object to Impede a

Federal Investigation, in violation of 18 U.S.C. § 1519 (Count Three); Obstruction of Justice-

Attempted Evidence Tampering, in violation of 18 U.S.C. § 1512(c)(1) (Count Four); and Penalties for Registered Sex Offender, in violation of 18 U.S.C. § 2260A (Count Five).

The charges stem from allegations that the defendant possessed child pornography, attempted to circumvent computer monitoring software, and used a computer without approval of the probation officer while on federal supervision in criminal case 2:07cr183, pursuant to a federal conviction for Possession of Material Containing Child Pornography.   The defendant began a life term of supervised release on June 16, 2016, following his release from custody of the United States Bureau of Prisons (BOP).

On August 5, 2016, a computer monitoring software program was installed on the defendant's personal laptop.   On August 18, 2016, the defendant was instructed by the probation officer to only use his computer for job searches or email.   It is alleged that on November 18, 2016, during a personal telephone contact with his probation officer, the defendant admitted utilizing "Cortona," a voice controlled virtual assistant for Microsoft Windows 10, rather than keystrokes, to circumvent the computer monitoring program on November 17, 2016, to view images that include "anime" images of child pornography.   It is further alleged that the defendant advised that he broke the computer and removed the hard drive from the computer.   The defendant was instructed to surrender his laptop computer to the probation officer.

It is further alleged that during a November 18, 2016 personal home contact with his probation officer, the defendant admitted viewing "child pornography anime" and one or two images of child pornography on or about November 17, 2016.   Additionally, it is alleged that the defendant admitted clearing his search history after viewing the child pornography images.   The defendant surrendered his laptop computer, computer battery, power cord, and cordless mouse to the

probation officer.   Subsequent to this admission, the probation officer reviewed the records from the computer monitoring service, and found violations under the screenshots.

Probation Officer Mako is responsible for the computer monitoring of individuals on probation, and the computer monitoring program used in the defendant's case was Remote Com. Remote Com installed the monitoring program remotely on the defendant's computer.   Remote Com does not send weekly reports, and instead the program has monitors that will alert the probation officer when inappropriate activity occurs. In this instance, the defendant reported his violation to his probation officer before Probation Officer Mako was notified by Remote Com. Probation Officer Mako then went into the Remote Com program and viewed the defendant's activity on the computer the previous day, downloaded that activity to a disc, and provided the disc to the defendant's probation officer.

The Remote Com program captures websites accessed, chats, and keystrokes.   Probation Officer Mako noted that in the defendant's case, his keystrokes were not being captured, because the defendant was using voice commands instead of a keyboard.   Probation Officer Mako reviewed the program's screenshots and saw that the defendant had deleted his search history.

## ARGUMENT

### I.      The Defendant's Motion to Dismiss Count One Should Be Denied.

#### A.  Legal Authority

Federal Rule of Criminal Procedure 7(c)(1) directs that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense."   *United States v. Williams*, 152 F.3d

294, 299 (4th Cir. 1998).   *Accord Hamling v. United States*, 418 U.S. 87, 117 (1974); *Brandon*, 298 F.3d at 310; *Loayza*, 107 F.3d at 260-62; and *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992). Ordinarily, an indictment that tracks the statutory language is sufficient. *See Hamling*, 418 U.S. at 117.

The defendant moves to dismiss Count One as unconstitutionally duplicitous.   In support of this claim, the defendant argues that the government has failed to identify the total number of websites or explicitly name the websites that he is alleged to have accessed with the intent to view visual depictions of minors engaged in sexually explicit conduct in Count One.   Therefore, the defendant argues that it is impossible for the defendant to prepare a defense to Count One.

Duplicity under Federal Rule of Criminal Procedure 8(a) "is the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir.1993); *see also United States v. Kamalu,* 298 Fed.Appx. 251, 254 (4th Cir.2008) (quoting *Burns,* 990 F.2d at 1438); *United States v. Shorter,* 809 F.2d 54, 56 (D.C.Cir.1987) (quoting 1 C. Wright, *Federal Practice & Procedure: Criminal* § 142 (2d ed.1982), *abrogated on other grounds in Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). "When an indictment impermissibly joins separate offenses that occurred at different times, prosecution of the earlier acts may be barred by the statute of limitations." *Smith,* 373 F.3d at 563. " 'The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.' " *Kamalu,* 298 Fed.Appx. at 254 (quoting *United States v. Duncan,* 850 F.2d 1104, 1108 n. 4 (6th Cir.1988), *abrogated on other grounds by Schad v. Arizona,* 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991)).   Additionally, if the indictment is duplicitous, the defendant may not understand the charges against him, might be convicted by less than a

unanimous jury, may be prejudiced by evidentiary rulings at trial, or may be subjected to double jeopardy. *United States v. Berardi,* 675 F.2d 894, 899 (7th Cir.1982).

However, the prohibition on duplicity does not apply if the multiple "'acts could be characterized as part of a single, continuing scheme.' " *Id.* (quoting *Shorter,* 809 F.2d at 56); *see also United States v. Berardi,* 675 F.2d 894, 898 (7th Cir.1982) (an indictment is not duplicitous if it charges a single offense carried out through many different means).

Moreover, "a duplicitous count is not to be dismissed unless it causes prejudice to the defendant." *Id.* (citing *United States v. Sturdivant,* 244 F.3d 71, 75 (2d Cir.2001) (citing *United States v. Margiotta,* 646 F.2d 729, 733 (2d Cir.1981))). "Where the indictment 'fairly interpreted' alleges a 'continuing course of conduct, during a discrete period of time,' the indictment is not prejudicially duplicitous." *United States v. Davis,* 471 F.3d 783, 790 (7th Cir.2006) (quoting *Berardi,* 675 F.2d at 898). Because "[t]he line between multiple offenses and multiple means to the commission of a single continuing offense is often a difficult one to draw," the "decision is left, at least initially, to the discretion of the prosecution." *Id.* (citing *United States v. Tanner,* 471 F.2d 128, 138 (7th Cir.1972)).

Furthermore, dismissal is not the appropriate remedy when a duplicitous indictment can be cured through jury instructions. "It is black letter law that duplicitous indictments can be cured through appropriate jury instructions." *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010). *See also United States v. Mauskar*, 557 F.3d 219, 226-27 (5th Cir. 2009), cert. denied, 129 S. Ct. 2756, 174 L. Ed. 2d 263 (2009) (holding that even assuming arguendo that the count in the indictment was duplicitous, no prejudice resulted, because the court gave a jury instruction that required unanimity on one of the three objects of the alleged conspiracy). A duplicitous charge "is not prejudicial *per se,* because proper jury instructions can mitigate the risk of jury confusion

and alleviate the doubt that would otherwise exist as to whether all members of the jury had found

the defendant guilty of the same offense." *U.S. v. Savoires*, 430 F.3d 376 (6th Cir. 2005).

**B.  Argument**

Count One of the indictment charges a single pattern of conduct during a discrete period

of time on November 17, 2016.   Specifically, Count One of the indictment charges that:

> On or about November 17, 2016, in the Eastern District of Virginia, defendant ELMER
> EMMANUEL EYCHANER, III, did knowingly access with intent to view at least one
> matter, that is websites, which contained visual depictions that has been mailed, shipped
> and transported using any means and facility of interstate and foreign commerce, has been
> shipped and transported and in and affecting interstate and foreign commerce, and was
> produced using materials which have been mailed and shipped and transported in and
> affecting interstate and foreign commerce, by any means including by computer, and the
> production of such visual depiction involved the use of a minor engaging in sexually
> explicit conduct and the visual depiction is of such conduct.  (In violation of Title 18,
> United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 2256(2).)

The charges stem from the defendant's alleged use of his computer on November 17,

2016, to access child pornography and obscene anime cartoons.   This conduct is alleged to have

occurred on one day, and is properly characterized as a single course of conduct.   Since the

indictment involves conduct that occurred on one day, there is no concern that the prosecution of

any of the websites he accessed with intent to view may be barred by the statute of limitations.

Defendant's reliance on *United States v. Toussie*, 397 U.S. 112 (1970), is misguided.   In

that case, the defendant was convicted of failing to register for the draft.   *Id*. at 112.   The

Supreme Court reversed the defendant's conviction and held that the prosecution was barred by

the statute of limitations.   *Id*. at 113.   In declining to extend the statute of limitations, the Court

held that:

> the doctrine of continuing offenses should be applied in only limited circumstances since,
> as the Court of Appeals correctly observed in this case, '(t)he tension between the purpose
> of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all
> practical purposes, extends the statute beyond its stated term.' 410 F.2d, at 1158. These

considerations do not mean that a particular offense should never be construed as a continuing one. They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.

*Id*. at 115.

In *Toussie*, the Court was concerned with the statute of limitations, but in this case, any attempt to access the visual depictions through websites occurred on a single day, and there is no similar concern about the statute of limitations.

In this case, the Government has the discretion to charge the defendant in a single count for this conduct, rather than in multiple counts for each website he accessed.   Moreover, the defendant benefits from this discretionary charging decision, because each discrete count would be amenable to a separate sentence upon conviction.   Because the conduct charged here relates to continuing conduct over a discrete, one day period, Count One is not duplicitous.   Therefore, the defendant's motion to dismiss Count One should be denied.   To the extent that the Court views Count One to be duplicitous, the Court can remedy this issue through appropriate jury instructions.

## II.     The Defendant's Motion to Dismiss Count Two Should Be Denied.

The restrictions in Section 1466A(a)(1) of Title 18 of the U.S. Code on obscene material are neither unconstitutionally overbroad nor vague, facially or as applied to this defendant.     The defendant argues that Count Two should be dismissed for the following reasons: 1) § 1466A is unconstitutionally vague as applied to this case because the defendant alleges that he is charged with attempting to receive obscene cartoons but that the Government has not identified a specific cartoon that is obscene; § 1466A imposes draconian criminal penalties for attempted receipt of obscene cartoons, which unconstitutionally chills protected speech in violation of the First

Amendment; 3) § 1466A infringes on fundamental liberties—private sexual conduct in the home, which are protected by substantive due process; Count Two fails to state an offense, which fails to fairly inform the defendant of the charge against which he must defend; and 5) Count Two violates the rule against duplicity by charging the defendant with both attempt to receive obscene materials and the completed offense.   For the reasons outlined below, this Court should reject each of the defendant's arguments.

### A.  Legal Authority

Acts of Congress are presumed to be constitutional. *See, e.g., Munn v. Illinois*, 94 U.S. 113, 124 (1876) ("Every statute is presumed to be constitutional.").   Accordingly, "[t]he courts ought not to declare one to be unconstitutional, unless it is clearly so. If there is doubt, the expressed will of the legislature should be sustained." *Id*. at 124.   A facial challenge to a statute, such as that made by the defendant is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987).   *See also United States v. Ballinger*, 395 F.3d 1218, 1225, n. 2 (11th Cir. 2005) (en banc) (quoting *Salerno*, 481 U.S. at 745).   Thus, courts must exercise caution and reluctance before striking down a statute.  *See Parker v. Levy*, 417 U.S. 733, 760 (1974) (holding that courts must be "reluctant[ ] to strike down a statute on its face where there [are] a substantial number of situations to which it might validly be applied"); *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216 (1975) (emphasizing caution before striking down state statute as facially unconstitutional).   The defendant has fallen far short of showing that there is no set of circumstances under which Section 1591(a) would be valid.   Indeed, the facts of this case demonstrate a set of circumstances in which the statute is clearly constitutional.   The defendant's facial challenge to the statute must therefore fail.

The enactment of Pub. L. 108-21, 117 Stat. 652 (2003) (effective Apr. 30, 2003), created a new statute, 18 U.S.C. Section 1466A, proscribing certain conduct relating to obscene visual representations of the sexual abuse of children.   This statute was part of the legislative response to the Supreme Court's opinion in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), in which the Court held that in child pornography cases the government has to prove that the children depicted in the images are real, but reiterated that images not depicting real minors are subject to prosecution if they are obscene.   Section 1466A has four separate offense provisions: (a)(1), (a)(2), (b)(1), and (b)(2), all of which are premised on the satisfaction of any one of five jurisdictional requirements set forth in subsection (d):

> (1)   Any communication involved in the offense is communicated by mail, or in interstate or foreign commerce, or if any means or instrumentality of interstate or foreign commerce is otherwise used in committing the offense; or
>
> (2)   Any communication involved in the offense contemplates the transportation of a visual depiction by the mail or in interstate or foreign commerce; or
>
> (3)   Any person travels in interstate or foreign commerce in the course of the commission of the offense; or
>
> (4)   Any visual depiction involved in the offense has been mailed or transported in interstate or foreign commerce or was produced using materials that have been mailed or transported in interstate or foreign commerce; or
>
> (5)   The offense is committed in the special maritime and territorial jurisdiction of the United States or in any territory or possession of the United States.

Section 1466A(a)(1) states, in pertinent part:

> Any person who, in a circumstance described in subsection (d), knowingly produces, distributes, receives, or possesses with intent to distribute, a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that
>
> (A) depicts a minor engaging in sexually explicit conduct; and
>
> (B) is obscene...

> or attempts or conspires to do so, shall be subject to the penalties provided [for the commission of child pornography offenses as set forth in 18 U.S.C.] [S]ection 2252A (b)(1)...

The term "sexually explicit conduct" has the same meaning given the term in the child pornography provisions (Sections 2256(2)(A) or 2256(2)(B)). 18 U.S.C. Section 1466A(f)(2). The term "minor" means any person under the age of eighteen years. 18 U.S.C. Section 2256(1).

## B. Argument

The defendant makes five arguments in support of dismissing Count Two. First, the defendant argues that as applied to non-existent or unspecified materials, the crime of attempted receipt of obscenity under § 1466A is unconstitutionally vague. The defendant argues that the indictment fails to identify any particular cartoon that the defendant attempted to receive and the indictment fails to allege that the "obscene anime cartoons" in question actually existed. Therefore, the defendant argues that the jury will be asked to answer whether unspecified or even nonexistent item is obscene.

Since Count Two indicates the elements of the offense and informs the defendant of the exact charge, this Court should not dismiss Count Two. As noted in Section I, "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998). Ordinarily, an indictment that tracks the statutory language is sufficient. *See Hamling*, 418 U.S. at 117. Count Two of the indictment tracks the statutory language of § 1466A, and specifies that the obscene visual depictions depicting minors engaging in sexual conduct were "obscene anime cartoons," based on the defendant's confession to probation officers. This argument ignores the over 600 pages of PDF screenshots the Government has made available for

10

defense, and that defense counsel has reviewed showing the defendant's search terms and the images that resulted from those search terms.   The United States has already provided information to the Defendant about the child pornography and obscene anime cartoons which the defendant is alleged to have accessed and attempted to access.   To the extent that there is a question about whether these cartoons are obscene, the Government requests a hearing and an opportunity to present the obscene cartoons in question for this Court's review.

The defendant also argues that the statute imposes severe criminal penalties for attempted receipt of obscene cartoons, chilling protected speech and that a statute prohibiting the private exchange of obscene cartoons between consenting adults violates fundamental liberty interests protected under the Fifth and Fourteenth Amendments.   The Government submits that *United States v. Whorley*, 550 F.3d 326 (4th Cir. 2008) controls.   In Whorley, the Fourth Circuit noted that the language of § 1466A(a)(1) prohibits visual depictions of minors only when they are obscene. *Id.* at 337.   The court further noted:

> *Ashcroft* itself noted that obscenity in any form is not protected by the First Amendment. *See Ashcroft,* 535 U.S. at 245–46, 122 S.Ct. 1389; *see also Miller,* 413 U.S. at 24, 93 S.Ct. 2607; *Kaplan,* 413 U.S. at 119, 93 S.Ct. 2680. Thus, regardless of whether § 1466A(a)(1) requires an actual minor, it is nonetheless a valid restriction on *obscene speech* under *Miller,* not a restriction on non-obscene pornography of the type permitted by *Ferber.*

*Id.*

The defendant also argues that the indictment's failure to list any specific work as a violation of the statute must result in dismissal. As outlined in Section IV of the government's response, the government has provided the defendant with ample discovery identifying the specific obscene material the defendant is accused of receiving and attempting to receive.

Finally, the defendant argues that Count Two must be dismissed for duplicity because it charges more than one offense—the attempt and the underlying offense. "[D]uplicity is the joining

in a single count of two or more distinct and separate offenses." *United States v. Burns,* 990 F.2d 1426, 1438 (4th Cir.1993); *see also United States v. Kamalu,* 298 Fed.Appx. 251, 254 (4th Cir.2008) (quoting *Burns,* 990 F.2d at 1438); *United States v. Shorter,* 809 F.2d 54, 56 (D.C.Cir.1987) (quoting 1 C. Wright, *Federal Practice & Procedure: Criminal* § 142 (2d ed.1982), *abrogated on other grounds in Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).   In Count Two, the defendant is charged with both attempting to receive obscene visual representations and receiving obscene visual representations. Because this conduct is part of a single, continuing scheme, Count Two is not duplicitous. *See United States v. Berardi,* 675 F.2d 894, 898 (7th Cir.1982) (alleging multiple acts is not duplicitous if the acts are part of a continuing course of conduct).

### III.    A Bill of Particulars is Not Necessary

#### A.  Legal Authority

The Court may order the United States to file a bill of particulars.   *See* Federal Rules of Criminal Procedure 7(f).   However, a defendant is not entitled to a bill of particulars as a matter of right.   *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927).   Rather, "a bill of particulars is a defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment."   *United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991) (*citing United States v. Debrow*, 346 U.S. 374, 378 (1953)), *rev'd on other grounds*, 507 U.S. 87 (1993).   The purpose of a bill of particulars is not to provide detailed disclosure of the government's evidence prior to trial, but rather to fairly inform a defendant of the charges so that said defendant may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar of another prosecution for the same offense.   *Wong Tai*, 273 U.S. at 82-83; *United States v. Automated Med. Labs., Inc.,* 770 F.2d 399, 405 (4th Cir. 1985).   A court's grant or denial of a

12

motion for a bill of particulars lies within its sound discretion.    *Wong Tai*, 273 U.S. at 82;

*United States v. MacDougall*, 790 F.2d 1135, 1153 (4th Cir. 1986).

Where an indictment is sufficiently detailed, as it is in this case, a defendant is not permitted

to seek a bill of particulars to discover evidence of the Government's case prior to trial or to force

the Government to "weave the information at its command into the warp of a fully integrated trial

theory for the benefit of the defendants. . . ." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir.

1971); *see also United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

An indictment fulfills the requirements of the Federal Rules of Criminal Procedure when it is a

"plain, concise and definite written statement of the essential facts constituting the offense

charged."    Fed. R. Crim. P. 7(c)(l); *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979),

*cert. denied*, 444 U.S. 871 (1979).    An indictment is sufficiently detailed if it alleges the

essential elements of the crime with which the defendant is charged in a manner that permits the

defendants to prepare a defense and plead double jeopardy in any future prosecution for the same

offense. *See Hamling v. U.S.*,418 U.S. 87, 117 (1974); *see also United States v. Mason*, 52 F.3d

1286, 1288 (4th Cir. 1995); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988).

Where an indictment fully complies with these requirements, a bill of particulars is

unwarranted. *See Automated Medical Laboratories, Inc.*, 770 F.2d at 405.    A bill of particulars

is not an investigative vehicle for the defense and motions should be denied where underlying

evidentiary matter is requested.    *See United States v. Fawley* No. 2:12cr13, 2012 WL

1804846,*2 (N.D.W.Va. May 17, 2012); United *States v. Anderson*, 481 F.2d 685, 691 (4th Cir.

1973).    Bills of particulars are not designed to compel the government to disclose its theory of

the case, its witnesses, or a detailed description of the manner and means by which the crime was

committed.    *See United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978), *cert. denied*, 439

U.S. 819 (1978); *United States v. Little,* 562 F.2d 578, 581 (8th Cir. 1977). Similarly, the government is not required to reveal the details of its evidence or the precise manner in which the prosecution will attempt to prove the charges alleged. *See United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982), *cert. denied*, 461 U.S. 927 (1983); *United States v. Andrews*, 381 F.2d 377, 378 (2nd Cir. 1967), *cert. denied*, 390 U.S. 960 (1967); *United States v. Brevard,* 27 F.R.D. 250, 251 (S.D.N.Y. 1961).

The courts have also denied a defendant's motion for a bill of particulars when the requested information is otherwise available. *United States v. Esquival*, 755 F.Supp, 434, 436 (D.C. Cir. 1990). Even if an indictment fails to supply sufficient information, the court may properly deny such a request when "the materials voluntarily provided by the Government served to apprise the defendant of the needed information." *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991). Where the underlying objectives of a Rule 7 motion are fully satisfied by informal and formal discovery, defendants are not also entitled to an unnecessary bill of particulars. *See United States v. Soc'y of Indep. Gasoline Marketers of America*, 624 F.2d 461, 466 (4th Cir. 1979), *cert. denied*, 449 U.S. 1078 (1981); *Duncan* at 849; *United States v. Pollack*, 534 F.2d 964, 970 (D.C. Cir. 1976), *cert. denied,* 429 U.S. 924 (1976); *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).

**B. Argument**

In this case, the Indictment is sufficiently detailed to apprise the defendant of the charges he will face at trial. Moreover, the United States has provided the defendant with a significant amount of discovery, and made additional discovery available to the defendant and a defense expert. Therefore, a bill of particulars is unwarranted.

14

The defendant alleges that the allegations in Counts One and Two of the indictment fail to properly apprise Mr. Eychaner of the specific facts upon which the government is proceeding, and that a bill of particulars is therefore necessary to enable the defendant to prepare an effective defense. Specifically, the defendant requests that this Court order the government to provide the following information to the defendant: 1) what "website" the defendant is alleged to have accessed with intent to view child pornography, 2) which images the government believes involve actual minors, and 3) which "obscene anime cartoon" Mr. Eychaner is alleged to have received or attempted to have received. ECF 23, p. 6.

Count One of the indictment charges that:

On or about November 17, 2016, in the Eastern District of Virginia, defendant ELMER EMMANUEL EYCHANER, III, did knowingly access with intent to view at least one matter, that is websites, which contained visual depictions that has been mailed, shipped and transported using any means and facility of interstate and foreign commerce, has been shipped and transported and in and affecting interstate and foreign commerce, and was produced using materials which have been mailed and shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.  (In violation of Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 2256(2).)

ECF 1.

Count Two of the indictment charges that:

On or about November 17, 2016, in the Eastern District of Virginia, the defendant, ELMER EMMANUEL EYCHANER, II, knowingly received and attempted to receive visual depictions that depicts minors engaging in sexually explicit conduct and are obscene, to wit: obscene anime cartoons, that were mailed and shipped and transported in interstate and foreign commerce by any means, including by computer, and were produced using materials that have been mailed, and that had been shipped and transported in interstate and foreign commerce by any means, including by computer.  (In violation of Title 18, United States Code, Section 1466 A(a)(1).)

ECF 1.

15

This level of detail in the Indictment provides more than enough information to permit the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense.

Finally, a bill of particulars is inappropriate when the government supplements an indictment with extensive discovery, as it has done in this case. *See United States v. SIGMA*, 624 F.2d 461, 466 (4th Cir. 1979), *cert. denied*, 449 U.S. 1078 (1981).   As previously noted, the United States has provided the Defendant with extensive documentary discovery, including: Probation Officer Mako's interview describing Remote Com and how the Government recovered the PDF screenshots of the defendant's illicit computer activity; the defendant's criminal history; the petition on supervised release in case 2:07cr183, outlining the defendant's confession to his probation officer where he admitted to viewing both "child pornography anime" and one or two images of child pornography on or about November 17, 2016; Supervisory United States Probation Officer Stephanie Powers's interview, outlining Eychaner's confession on November 18, 2016 to viewing images of child pornography, searching for images of the Lolita movie, and breaking his laptop computer; Senior United States Probation Officer Candice Yost's interview, outlining Eychaner's confession; documents related to the defendant's supervision with probation; and a transcript of the supervised release violation hearing, which includes testimony from Senior United States Probation Officer Candice Yost.   As noted in the petition on supervised release, Senior Probation Officer Yost was able to review approximately 615 pages of screenshots of the defendant's internet activity, which contained multiple images per page, including various anime and anime videos involving child pornography and child pornography.   The Government has made the PDF screenshots of the websites the defendant accessed and attempted to access available for review by defense counsel at the United States Attorney's Office in Newport News, Virginia,

16

and on September 11, 2017, defense counsel and a defense investigator came to the Newport News Office and reviewed the screen shots.   The Government indicated to defense counsel that defense counsel could come back at the defense's convenience if an additional review of this discovery was necessary, and the Government has made this discovery available for review by a defense expert at the Newport News United States Attorney's Office.

The crux of the defendant's argument in support of his motion with regard to Count One is that he does not know which websites the government is referring to when it alleges that the defendant accessed with the intent to view child pornography, and it is necessary to know which specific images the Government alleges are of actual minors.   However, this argument ignores the discovery that has been made available to the defense, which contains the defendant's search terms and the results of the searches.   The defendant offers no case law to support his claim that the Government must allege the specific website in the indictment in order for the indictment to allege all the essential facts constituting the offense charged.   This argument also ignores Fourth Circuit precedent, which has upheld as sufficient indictments that did not allege specific acts in violation of cited statutes.   *See, e.g., American Waste Fibers Co.*, 809 F.2d at 1046-47; *Amend*, 791 F.2d at 1125; and *United States v. Kelly*, 462 F.2d 372, 374 (4th Cir. 1972).   Additionally, whether the image depicts an actual minor is a factual dispute to be resolved by the jury, not a basis for issuing a bill of particulars.

With regard to Count Two, the defendant argues that the Government has failed to provide "any specific facts" regarding which images constitute "obscene anime cartoons." ECF 23, p. 5. Again, this argument ignores the over 600 pages of PDF screenshots the Government has made available for defense, and that defense counsel has reviewed showing the defendant's search terms and the images that resulted from those search terms.   The United States has already

provided information to the Defendant about the child pornography and obscene anime cartoons which the defendant is alleged to have accessed and attempted to access.

Accordingly, the Government has provided Defendant more than sufficient information to allow him to prepare his defense, and avoid any surprise at trial.

### IV.   The Trial of Count Five Should Not Be Severed or Bifurcated From The Remaining Counts.

#### A.   Legal Authority

Federal Rule of Criminal Procedure 8(a) permits joinder of separate offenses where "the offenses charged… are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).   The Fourth Circuit "ha[s] interpreted the latter two prongs of [Rule 8(a)] flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (noting that "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial)", *quoting United States v. Hirschfeld*, 964 F.2d 318, 323 (4 Cir. 1992), cert. denied, 547 US. 1061 (2006).

If joinder under Rule 8(a) is proper, "the defendant's only recourse is to convince the court that the charges should be severed under Rule 14—a difficult task." *Blair*, 661 F.3d at 770, *citing Cardwell*, 433 F.3d at 387 (incidents where joinder of offenses is proper but severance is nevertheless required limited to "rare" case where joinder would "prevent the jury from making a reliable judgment about guilt or innocence").   *Accord Hornsby*, 666 F.3d at 309 (applying Cardwell, and noting again that severance of properly joined counts is "rare").   Federal Rule of Criminal Procedure 14 provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government,

18

the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

### B.   Argument

The defendant argues that joinder of Count Five with the remaining counts in the indictment is not proper and unduly prejudicial.   In support of this argument, the defendant claims that he would be "severely prejudiced if the jury were to learn he was required to register as a sex offender." ECF 24, p. 3.

The United States maintains that the offenses alleged in the indictment are properly joined, and there is no basis to sever or bifurcate any of the counts from one another. This is so because evidence relating to each of the Counts would be relevant to proving the others. *See United States v. Zackson*, 6 F.3d 911, 921-922 (2d Cir. 1993) (no prejudice from denial of motion to sever because "it is likely that evidence of both conspiracies would have been admissible under Rule 404(b) in a separate trial of either one").

Count Five charges the defendant with penalties for registered sex offenders, in violation of 18 U.S.C. § 2260A.   Section 2260A is a recidivism statute aimed at increasing punishment for sex offenders who commit certain additional offenses. *See Unites States v. Carver*, 422 Fed. Appx. 796, 802 (11th Cir. 2011) (unpublished).   It provides:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A.

The statute has two elements: (1) that the defendant committed a specified felony offense involving a minor; and (2) that the defendant was required, at the time of that offense, to register as a sex offender.

The defendant's predicate felony offense, as charged in Count Two of the Indictment, is receipt and attempted receipt of obscene visual representations of the sexual abuse of children in violation of §1466A(a)(1), which provides:

> Any person who, in a circumstance described in subsection (d), knowingly produces, distributes, receives, or possesses with intent to distribute, a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that—(1)(A) depicts a minor engaging in sexually explicit conduct; and (B) is obscene… or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(1), including the penalties provided for cases involving a prior conviction.

18 U.S.C. 1466A.

With respect to Count Five, evidence of the defendant's prior sex offenses, and the defendant's sex-offender registration obligation, are admissible in the trial of the access with intent to view visual depictions of minors engaged in sexually explicit conduct and attempted receipt of obscene visual representations of the sexual abuse of children charges to show, among other things, knowledge, intent, and absence of mistake.   *See* Fed. R. Evid. 404(b); 414.

## <u>CONCLUSION</u>

For the reasons noted above, the United States respectfully requests that the Court deny the defendant's motions.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:_____/s/_____

Megan M. Cowles
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Megan.cowles@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of December 2017, I electronically filed the foregoing document for which conventional service is required with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amanda C. Conner, Esq.
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0845


By:_____/s/_____
Megan M. Cowles
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Megan.cowles@usdoj.gov

22