FILED
MAY - 8 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.  Criminal Case No. 4:17cr76

**ELMER EMMANUEL EYCHANER, III,**

Defendant.

### ORDER

This matter is before the Court on Defendant Elmer Emmanuel Eychaner's ("Defendant" or "Eychaner") Motion to Dismiss Count One, ECF No. 21, and Motion to Dismiss Count Two, ECF No. 22. In his motions, Defendant asserts that Counts One and Two are duplicitous and vague.[1] Additionally, he claims that Count Two is unconstitutional because it infringes upon fundamental liberties. As to Defendant's constitutional challenges, these will be addressed soon by memorandum order. The Court also notes that after the Government filed its Bill of Particulars on May 4, 2018, Defendant has received the specific information that he requested regarding Counts One and Two. See Bill of Particulars, ECF No. 38; see also Def.'s Reply Br. 4 (noting that after granting a bill of particulars that "Eychaner's

---

[1] The Court recognizes that Defendant styles his attack upon Count One as one only alleging duplicity, but Defendant's complaint about the lack of specificity on that Count alleges the same vagueness challenge that he raises for Count Two.

vagueness challenge would likely be mooted."). Because Defendant has raised no complaint about the scope of the information included in the Bill of Particulars, the Court views Defendant's vagueness challenges to have been rendered moot.

Having reviewed and considered the parties' positions regarding whether Counts One and Two are duplicitous, the Court agrees with Defendant that both counts are duplicitous. However, a duplicitous indictment need not be dismissed, but rather it may be remedied either by jury instructions or by the Government's election pretrial to advance only one of the charges contained in a particular count. See 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 145 (4th ed. 2013 and Supp. 2017) (collecting cases); see also U.S. v. Robinson, 627 F.3d 941, 958 (4th Cir. 2010) ("It is black letter law that duplicitous indictments can be cured through appropriate jury instructions."); United States v. Shumpert Hood, 210 F.3d 660, 663 (6th Cir. 2000) ("A defendant may move, as did Hood, to require the government to 'elect either the count or the charge within the count upon which it will rely,' or the court may 'particulariz[e] the distinct offense charged in each count' in its jury instruction.") (quoting United States v. Robinson, 651 F.3d 1188, 1194 (6th Cir. 1981). In order to assist Defendant in preparing for trial, the Government is

**DIRECTED** to inform defense counsel by May 10, 2018, as to the remedy or remedies the Government intends to pursue in the case.

In view of the above, the Court **DENIES** in part and **GRANTS** in part Defendant's Motion to Dismiss Count One, ECF No. 21, and **DENIES** in part and **GRANTS** in part Defendant's Motion to Dismiss Count Two, ECF No. 22, finding that Counts One and Two are duplicitous but not vague. The Court also **TAKES UNDER ADVISEMENT** Defendant's constitutional challenges to Count Two for later adjudication. ECF No. 22.

The Clerk is **DIRECTED** to forward a copy of this Order to Counsel for Defendant and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 8, 2018