IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:17cr76 |
| v. | ) | |
| | ) | |
| ELMER EYCHANER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTION TO THE BILL OF PARTICULARS AND RENEWAL OF PREVIOUSLY FILED MOTIONS TO DISMISS COUNT TWO**

Defendant, Elmer Eychaner, by and through counsel, and pursuant to Federal Rule of Criminal Procedure 7(f), hereby objections to the government's bill of particulars filed on Friday May 4, 2018 because it fails to adequately particularize the allegations in count two. In light of this failure, the defense also renews its motion to dismiss count two for the reasons previously stated. In support thereof, the defense states as follows:

1. Mr. Eychaner is charged with one count of Access with Intent to View Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C § 2252(a)(4)(B), one count of Attempted Receipt of Obscene Visual Representations of the Sexual Abuse of Children in violation of 18 U.S.C § 1466A(a)(1), one count of Destruction of a Tangible Object to Impede a Federal Investigation in violation of 18 U.S.C. § 1519, one count of Obstruction of Justice-Attempted Evidence Tampering in violation of 18 U.S.C. § 1512(c)(1), and one count of Penalties for Registered Sex Offender in violation of 18 U.S.C. § 2260A. *See* ECF. No. 1.

2. On September 5, 2017, Mr. Eychaner entered a plea of not guilty and a jury trial was scheduled. ECF No. 10. That trial date was later continued to May 15, 2018. ECF No. 25.

1

3. On December 13, 2017, Mr. Eychaner filed several motions including a motion for a bill of particulars. ECF Nos. 21-23. Among other issues, Mr. Eychaner asserted that the government's failure to identify which "obscene anime cartoon" he allegedly received on November 18, 2016 prejudiced Mr. Eychaner's ability to prepare for trial.

4. On May 1, 2018, this Court granted Mr. Eychaner's motion for a bill of particulars. ECF No. 33. This Court ordered the government to file a bill of particulars, stating it "agrees with Defendant that the Indictment currently does not give him enough information to avoid unfair surprise at trial." *Id*. at 1.

5. Specifically with respect to count two, this Court directed the government to identify "the specific images that allegedly constitute obscene anime cartoons." *Id*. at 2.

6. On Friday, May 4, 2018, at 6:08PM, the government filed its bill of particulars. ECF No. 38. The bill of particulars identified which website Mr. Eychaner allegedly visited (bing.com) as well as the handful of images it will allege at trial depict actual minors.

7. Prior to the filing of the bill of particulars, defense counsel attempted to arrange a time to review the illicit discovery at the United States Attorney's Office after the filing of the bill of particulars, which was expected on Friday, May 4. The attorneys for the United States responded that defense counsel was free to view the illicit discovery on May 4, but had to leave by 5PM on May 4 because security was not available at the United States Attorney's Office. (The government had previously told defense counsel that the discovery could not be reviewed on weekends for the same reason.) As noted above, the bill of particulars was not filed until after 5PM on May 4.

8. On Monday, May 7, 2018, defense counsel travelled to the United States Attorney's Office to review the illicit discovery at the first available time after the bill of particulars had been filed.

9. After reviewing the illicit discovery in conjunction with the bill of particulars, the defense has no objection to the government's bill of particulars with respect to count one.

10. With respect to count two, however, the government "particularized" an exceedingly large number of allegedly obscene anime cartoons—approximately 335 pages of images. Using a conservative estimate of an average of six images per page, *the government has identified more than 2,000 images* as violating a single count. The defense submits this supposed narrowing of the indictment is in effect not a narrowing at all, and still fails to give the defendant "enough information to avoid unfair surprise at trial." ECF No. 33, at 2. In sum, the vagueness problems associated with count two—which were detailed in a prior defense motion—has not been cured.

11. In a quick review of receipt of child pornography cases charged under 18 U.S.C. § 2252(A)(a)(2) out of the Newport News United States Attorney's Office, it appears to be standard practice to allege one image (or one video) per count. This charging practice is the case even though the government has evidence that more than one image or video was received by the defendant. The defense does not understand, therefore, why the government cannot narrow the number of images in accordance with its standard practice to avoid prejudice to Mr. Eychaner and unfair surprise at trial. In its current form, the government's bill of particulars fails to accomplish this necessary and important goal.

12. The defense submits that the government has failed to particularize the indictment in any meaningful way with respect to count two, and hereby objects to the bill of particulars. The

defense also renews its motions to dismiss count two for duplicity and failure to state a claim, which are currently still pending before this Court, for the reasons previously stated. *See* ECF No. 22.

13. The defense recognizes that the Court observed in its recent Order (ECF No. 39) that the defense had not raised a compliant about the scope of the information included in the bill of particulars. The defense does, however, raise that objection here. And the defense submits that in light of the fact that the bill of particulars (though timely filed) was filed after business hours on May 4, the intervening weekend (when the illicit discovery could not be viewed), and the review of the discovery yesterday by counsel, renders this objection timely.

14. The defense asks the Court to order the government to actually particularize images charged in count two by describing specific images, as the government did for count one. The defense also renews its motion to dismiss and submits that the deficiencies as to count two identified in the defense's previous motions have not been cured by the bill of particulars.

Respectfully submitted,

ELMER EYCHANER

By: _____/s/_____
    Amanda C. Conner
    VSB # 88317
    Assistant Federal Public Defender
    Office of the Federal Public Defender
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    (757) 457-0816
    (757) 457-0880 (telefax)
    amanda_conner@fd.org

**CERTIFICATE OF SERVICE**

      I certify that on this 8th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Lisa Rae McKeel
United States Attorney Office
721 Lakefront Commons
Suite 300
Newport News, Virginia 23606
(757) 591-4000
Email: Lisa.McKeel@usdoj.gov

Megan Cowles
United States Attorney Office
Fountain Plaza Three
721 Lake Front Commons
Suite 300
Newport News, Virginia 23606
Email: megan.cowles@usdoj.gov

                                                                                     /s/_____

                                        Amanda C. Conner
                                        VSB # 88317
                                        Assistant Federal Public Defender
                                        Office of the Federal Public Defender
                                        150 Boush Street, Suite 403
                                        Norfolk, Virginia 23510
                                        (757) 457-0816
                                        (757) 457-0880 (telefax)
                                        amanda_conner@fd.org