|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:17cr76 |
| v. | ) | |
| | ) | |
| ELMER EMMANUEL EYCHANER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BENCH BRIEF CONCERNING REQUIRED ELEMENTS FOR
RECEIPT OF OBSCENE MATERIALS AS CHARGED IN COUNT TWO**

The government has alleged that Mr. Eychaner committed both attempted receipt of obscene images of minors under § 1466A, and the completed offense. Because the government's evidence is insufficient to support a conviction on either theory, the Court should enter judgment of acquittal on Count Two.

**The Completed Offense**

To sustain a conviction for the completed offense under 18 U.S.C. § 1466A(c), the government must prove beyond a reasonable doubt, the following five elements:

1) That Mr. Eychaner **received** an anime cartoon;
2) That the cartoon depicted minors engaging in sexually explicit conduct;
3) That Mr. Eychaner's **receipt of the cartoon was knowing**,
4) That the cartoon was obscene; and
5) That the cartoon was transported in interstate or foreign commerce or was produced using materials that were mailed, shipped, or transported in interstate or foreign commerce.

The government has the burden of proving "knowing receipt." To "receive" means to achieve the power to exercise dominion or control over an item. *See United States v. Osborne*, 935 F.2d 32, 34 n.2 (4th Cir. 1991). In a case like this, where the images in question are purely

electronic, the Fourth Circuit has held that simply viewing the images online is insufficient to prove knowing receipt. *See United States v. Johnson*, 523 F. App'x 219, 222 (4th Cir. 2013).

In *Johnson*, the court said it was error to instruct a jury that a defendant could be found to have received images of child pornography by viewing them online, regardless of whether he downloaded the material. The court wrote:

> Johnson ... challenges the district court's decision to instruct the jury that, for purposes of receipt of child pornography under 18 U.S.C.A. § 2252A(a)(2), "[r]eceiving includes viewing an image online regardless of whether the image is downloaded." …
>
> [T]he instructions as they were phrased in this particular case improperly defined "receipt," ultimately informing the jury that Johnson could be convicted as long as he knowingly viewed illicit materials online, even if he did not knowingly receive them. The instructions thereby eliminated the requirement under § 2252A(a)(2) that the Government prove, circumstantially or otherwise, that Johnson knew that the images he viewed online would be saved to his computer or otherwise come into his possession. This was error.

*Johnson*, 523 F. App'x at 222.

Relying on *Johnson*, another district court within the Fourth Circuit recently granted a defense's Rule 29 motion in a receipt case because the government failed to prove that the defendant knew the library computer he used to look at child pornography was automatically saving (or "caching") those images. *See United States v. Wiggins*, No. 6:13cr183, 2014 WL 989208, at *1 (S.D.W. Va. Mar. 13, 2014). The *Wiggins* court wrote,

> [T]he Court FINDS Defendant's recitation of the evidence to be accurate: 1) all of the images of child pornography presented by the Government were retrieved from a temporary internet cache folder, and 2) the Government has failed to meet its burden to show that Defendant knew that images of child pornography were being downloaded to the temporary internet cache folder on the computer he was using at the library. ***The Government merely proved that Defendant was viewing child pornography on the internet using the computer, not that he ever exercised any dominion or control***

> *over the images he viewed.* *See United States v. Osborne*, 935 F.2d
> 32, 34 n. 2 (4th Cir.1991) (agreeing with the district court that
> knowing receipt of child pornography had been proven at "the point
> at which [the defendant had] achieved the power to exercise
> dominion and control over" the child pornography he had ordered).

Id. at *1. (emphasis added).

Other circuits have taken a similar position.  The Tenth Circuit in *United States v. Dobbs,*

cited with approval by the Fourth Circuit in *Johnson*, found that "no reasonable jury could infer

that Mr. Dobbs knew of his computer's automatic-caching function, much less that he had accessed

his cache," and "therefore, the government perforce failed to prove that Mr. Dobbs had the ability

to control those images."  629 F.3d 1199, 1205-06 (10th Cir. 2011).  The court reasoned as follows:

> Furthermore, the government's suggestion that the presence of the
> child pornography files in the cache of Mr. Dobb's computer
> provides circumstantial evidence of knowing receipt is misguided.
> The mere presence of files in the cache is certainly proof that the
> files were *received* through the automatic-caching process; however
> for this evidence to be probative of the question of *knowing* receipt,
> the government needed to present proof that Mr. Dobbs at least
> knew of the automatic-caching process.  It presented no such proof
> in this instance.

*Id*. at 1205.

In *United States v. Kuchinski*, the Ninth Circuit discussed knowing receipt in the context

of the sentencing guidelines.  469 F.3d 853 (2006).  The court asked "Did Kuchinski knowingly

receive and possess the images in those [temporary internet] files, or, rather, does the evidence

support a determination that he did? We think not."  The court went on to say:

> According to the evidence before the district court, when a
> person accesses a web page, his web browser will
> automatically download that page into his Active Temporary
> Internet Files, so that when the site is revisited the
> information will come up much more quickly than it would
> have if it had not been stored on the computer's own hard
> drive. When the Active Temporary Internet Files get too full,
> they spill excess saved information into the Deleted

> Temporary Internet Files. All of this goes on without any action (or even knowledge) of the computer user. A sophisticated user might know all of that, and might even access the files. But, "most sophisticated-or unsophisticated users don't even know they're on their computer."

*Id.* at 862.

In this case, the government faces two hurdles. ***First***, it must first prove that the images in question were, in fact, saved onto Mr. Eychaner's computer and not just viewed online. Normally, the government proves this fact through evidence that the images in question were found somewhere on the defendant's computer. Here, there is no such evidence. No files were recovered from Mr. Eychaner's computer. The RemoteCOM screenshots were admitted. But they only show what was viewed on the screen. And, under *Johnson*, merely viewing images on the screen is insufficient to establish "receipt."

***Second***, assuming the Court finds sufficient evidence that the images charged in Count Two were actually saved or downloaded, the government must still prove that Mr. Eychaner *knew* the images were saved or downloaded. The government's evidence on this element is also insufficient to support a conviction. The government produced no evidence that Mr. Eychaner took any affirmative steps to save the images locally. There is also no evidence that Mr. Eychaner knew anything about automatic saving through "caching." For example, the government did not offer evidence that Mr. Eychaner accessed images or other items that were saved through automatic caching or that he ever even opened his "temporary internet files" folder.

The government has also presented insufficient circumstantial evidence of Mr. Eychaner's knowledge about caching. For example, the government did not establish that Mr. Eychaner was a "sophisticated" computer user such that the jury could infer he knew that images merely viewed

online would be automatically saved through caching. Moreover, as the *Kuchinski* court observed, even most sophisticated computer users are not aware of caching. 469 F.3d at 862.

In sum, the government has produced insufficient evidence that the images alleged in Count Two were actually received. Evidence of *knowing* receipt is even scarcer.

### Attempted Receipt

To sustain a conviction for attempted receipt under § 1466A, the government must prove beyond a reasonable doubt, the following five elements:

1) That Mr. Eychaner acted with the **specific intent to receive a cartoon that depicted minors engaging in sexually explicit conduct and was obscene**;
2) That the cartoon he intended to receive actually depicted minors engaging in sexually explicit conduct;
3) That the cartoon was in fact obscene;
4) That the cartoon was transported in interstate or foreign commerce or was produced using materials that were mailed, shipped, or transported in interstate or foreign commerce; and
5) That Mr. Eychaner took a substantial step—beyond mere preparation—toward commission of the completed offense.

The government's evidence on the first element is insufficient.

To be convicted of *attempted* receipt under § 1466A, the government must prove that Mr. Eychaner had the *specific intent to receive* an obscene visual depiction of a minor engaging in sexually explicit conduct. *United States v. Russo,* No. 3:09cr191, 2009 WL 3839299, at *5 (E.D. Va. Nov. 16, 2009) (observing that "it is possible to knowingly receive child pornography without attempting to have done so, because an attempt crime requires 'specific intent' to commit the underlying crime, as opposed to the lesser mens rea, 'knowingly,' that 18 U.S.C. § 2252A requires") (emphasis in original), *aff'd,* 408 F. App'x 753 (4th Cir. 2011); *id.* at *4 ("The Government's evidence proved commission of the *completed* crime beyond a reasonable doubt. It is not evident, therefore, why the Government saddled itself with *the additional burden of proving 'attempt'*.") (emphasis added).

Here, as outlined above, Mr. Eychaner merely viewed images on a screen. The evidence certainly demonstrates that he had the specific intent to look at images on his screen. But as the Fourth's Circuit held in *Johnson*, merely viewing the images on the screen is not receipt. And there is no evidence here that Mr. Eychaner had the specific intent to save or download these images onto his computer, or otherwise bring them into his possession. Therefore, the government has not proven that Mr. Eychaner acted with the specific intent to receive. The government's evidence on the first element of attempted receipt is therefore insufficient to sustain a conviction and Mr. Eychaner is entitled to judgment of acquittal on Count Two.

*       *       *

Under its completed offense theory, the government failed to establish that the images alleged in Count two were actually "received," or that any conceivable receipt was "knowing." Under its attempt theory, the government similarly failed to prove that Mr. Eychaner acted with the "specific intent" to receive (i.e., to save or download). For these reasons, the Court should enter a Rule 29 judgment of acquittal on Count Two.

Respectfully submitted,

ELMER EMMANUEL EYCHANER, III

By: _____/s/_____
  Amanda C. Conner
  Assistant Federal Public Defender
  VSB No. 88317
  Attorney for Elmer E. Eychaner, III
  Office of the Federal Public Defender
  150 Boush Street, Suite 403
  Norfolk, Virginia 23510
  Telephone: 757-457-0800
  Facsimile: 757-457-0880
  Email: amanda_conner@fd.org

  Andrew W. Grindrod

VSB No. 83943
Assistant Federal Public Defender
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: andrew_grindrod@fd.org

# CERTIFICATE OF SERVICE

I hereby certify that on the ___th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lisa R. McKeel
Assistant United States Attorney
Office of the United States Attorney
Fountain Plaza Three
Norfolk, VA 23510
Phone: 757-591-4000
Fax: 757-591-0866
lisa.mckeel@usdoj.gov

Megan Cowles
Assistant United States Attorney
Office of the United States Attorney
Fountain Plaza Three
Norfolk, VA 23510
Phone: 757-591-4000
Fax: 757-591-0866
megan.cowles@usdoj.gov

By: _____/s/_____
Amanda C. Conner
Assistant Federal Public Defender
Virginia State Bar No. 88317
Attorney for Elmer E. Eychaner, III
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Facsimile: 757-457-0880
amanda_conner@fd.org