IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 4:17cr76 |
| | ) | |
| v. | ) | |
| | ) | |
| ELMER EMMANUEL EYCHANER, III, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE IN OPPOSITION TO DEFENDANT'S BENCH BRIEF
CONCERNING REQUIRED ELEMENTS FOR MATERIALS AS
CHARGED RECEIPT OF OBSCENE IN COUNT TWO

The United States of America, through its attorneys, Tracy Doherty-McCormick, Acting United States Attorney, and Megan M. Cowles and Lisa R. McKeel, Assistant United States Attorneys, respectfully submits this Response in Opposition to the Defendant's motion for judgment of acquittal. For the reasons outlined below, the government's evidence is sufficient to support a conviction of attempted receipt of obscene materials as charged in Count Two, and therefore this Court should deny the defendant's motion for a judgment of acquittal on Count Two.

STANDARD

Federal Rule of Criminal Procedure 29 governs motions for judgment of acquittal. In reviewing a motion for judgment of acquittal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The court allows "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Murphy*, 35 F.3d

143, 148 (4th Cir. 1994). In weighing inconsistencies, "[w]e also assume that the jury resolved all contradictions in the testimony in favor of the government." *United States v. Moye*, 454 F.3d 390, 394 (4th Cir. 2006) (citing *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002)).

In order to sustain its burden of for the crime of attempted receipt of obscene visual representations of the sexual abuse of children as charged in count two, the government must prove (1) that the defendant intended to commit the crime of receiving obscene visual representations of the sexual abuse of children; and (2) thereafter, the defendant did an act constituting a substantial step towards the commission of that crime. The crime of receipt of obscene visual representations of the sexual abuse of children has five elements.

To establish that a defendant committed the crime of attempt, the government must prove that (1) the defendant had the requisite intent to commit a crime; (2) the defendant undertook a direct act in a course of conduct planned to culminate in his commission of the crime; (3) the act was substantial, in that it was strongly corroborative of the defendant's criminal purpose; and (4) the act fell short of the commission of the intended crime due to intervening circumstances. *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir 2003) (affirming attempt convictions based on evidence of defendant's efforts to introduce several buyers and sellers, although drug transactions never occurred.). *See also United States v. Neal,* 78 F.3d 901, 906 (4th Cir.1996); *United States v. Sutton,* 961 F.2d 476, 478 (4th Cir.1992); *United States v. McFadden,* 739 F.2d 149, 152 (4th Cir.1984) (developing Fourth Circuit's standard from § 5.01 of the Model Penal Code); Model Penal Code § 5.01(1)(c); *Clark and Marshall's Treatise on the Law of Crimes* § 4.06 (Melvin F. Wingersky ed., 6th ed. 1958). The Model Penal Code, from which this court's formulation was originally drawn, provides the following list of acts strongly corroborating a defendant's criminal purpose:

(a) lying in wait, searching for or following the contemplated victim of the crime;

(b) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission;
(c) reconnoitering the place contemplated for the commission of the crime;
(d) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed;
(e) possession of materials to be employed in the commission of a crime, that are specially designed for such unlawful use or that can serve no lawful purpose of the actor under the circumstances;
(f) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, if such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances;
*136 (g) soliciting an innocent agent to engage in conduct constituting an element of the crime.

Model Penal Code § 5.01(2).

## Substantial Steps

Viewed in the light most favorable to the government, there is sufficient evidence for a rational trier of fact to determine that the defendant took substantial steps toward receipt of obscene visual representations of the sexual abuse of children. The evidence offered by the government in its case-in-chief is that the defendant began a period of supervised release in June 2016, and originally did not have a computer. In June 2016, he spoke to Supervisory Probation Officer Yost about wanting to get a computer to conduct job searches. The defendant agreed that his computer could be monitored, and RemoteCOM monitoring software was installed on his computer.

In August 2016, Supervisory Probation Officer Yost received information about the defendant's computer activity, and that when she spoke to the defendant, he admitted to searching for clothed images of minors on his computer. The defendant also admitted to using Cortona to give voice commands to his computer as a way to circumvent the computer monitoring program. He was instructed to only use his computer for job searching, and the probation office allowed him to keep his computer so he could continue to job search.

On November 17, 2016, the defendant used his roommate's wifi to go onto the internet, where he conducted searches on Bing.com using sexually explicit terms, including "Toddlercon Sex Movies," "show images of lolita sperm," "show images of cg lolita," "Little girls Pervert Paradise," Lolicon 3D images," "Vip Zona 3D Hentai," "Shotacon 3D Little Girl," "Toddlercon Sex," "Animated Toddlercon Sex," "Toddlercon Sex Movies." He also accessed the site "premiumhentai.site" as documented in the screenshots contained in government's exhibits 14a-13, 14a-14, 14a-15, 14a-16, and 14a-17. The screenshots introduced by the government range in time from 6:34:24 p.m. to 7:38:27 p.m., which shows that the defendant continued to conduct searches after he generated search results for obscene images depicting the sexual abuse of minors. Even after generating those first results, the defendant kept going.

Government's exhibits 14a-2, 14a-6, 14a-714a-8 show multiple tabs open on the same screenshot. Moreover, Senior Probation Officer Yost and Dean Friedrich testified consistently that government's exhibit 14a-2 contains an enlarged picture with a description below the image because the defendant was either hovering over the image or had clicked on it, and that the exhibits containing larger images, including 14a-4 and 14a-16 were larger images because the defendant was either hovering over the image or had selected that particular image. These actions indicate that the defendant not only searched for the images, but was interacting with the content as he viewed it, taking another substantial step toward receiving the obscene visual depictions.

After the defendant finished conducting his searches, he deleted his Bing.com search history, as documented in government's exhibit 80, which states "Clear your history You're about to delete your entire search history. Are you sure you want to continue?" The "Yes" box is darker. The next day, the defendant called up his probation officer and told her he wanted to return his computer to the store. Less than an hour later, he called her back and stated that he had not been

honest with her.  He then confessed that he accessed inappropriate images, which he described as "anime child pornography.  He stated that he utilized Cortona, and had found a hole in the system. He also called his computer "the danger zone."

Probation Officer Yost confirmed the defendant's confession with Probation Officer Mako, the probation officer in charge of computer monitoring for the United States Probation Department for the Eastern District of Virginia.  Probation Officer Mako also noted that there was no unusual activity in the keystroke monitoring section from the night before.

Senior Probation Officer Yost called the defendant back and told him she needed to collect his computer.  The defendant told her he was at work but would be home later that day.  He then told Senior Probation Officer Yost that he had taken his hard drive out of his computer and destroyed it.  Later that evening, Senior Probation Officer Yost and Supervisory Probation Officer Powers went to the defendant's residence in downtown Newport News to collect his computer. Senior Probation Officer Yost, Supervisory Probation Officer Powers, and the defendant went upstairs to his bedroom, where he confessed to viewing images of "anime child pornography." The defendant gave them his mouse and power cord, then led them downstairs and outside to his trash can, where he removed the pieces of his laptop computer and bent battery, and gave them to the probation officers.  Senior Probation Officer Yost took the pieces of the computer back with her to her office, and later turned the computer over to FBI Task Force Officer Call, who gave the computer and battery to Computer Forensic Analyst Rubein Jones.  He could not conduct a forensic examination of the computer because of the missing hard drive.  The defendant's laptop hard drive was never recovered.

Viewing this evidence in the light most favorable to the government, the defendant took multiple steps to attempt to access obscene visual depictions of minors engaging in sexually explicit conduct.

<u>Sexually Explicit Conduct</u>

The following exhibits depict minors engaging in sexual explicit conduct, as defined in 18 U.S.C. § 2256:

**14a-1a, 14a-1b, and 14-a1c**- taken on 11/17/2016 at 7:11:52 p.m. after a search on Bing.com for "Toddlercon Sex Movies" generated multiple images. 14a-1a depicts a cartoon image depicting genital-genital sexual intercourse of a prepubescent female minor by an adult male. The minor's left wrist appears to be restrained. 14a-1b is a cartoon image depicting digital penetration of a prepubescent female by a hand. The female's hair is in pigtails. 14a-1c is a cartoon image depicting oral-genital sexual intercourse by an adult male with a prepubescent female minor. 14a-2- This image was generated by a search on Bing.com on November 17, 2016 at 6:34:24 p.m. for "show images of lolita sperm." The page contains one cartoon image depicting lascivious exhibition of the genitals of a female minor with spread legs and a penis, and the title is "Girls Spunk Love."

" '[L]ascivious' is a 'commonsensical term.' " *United States v. Whorley*, 400 F. Supp. 2d 880, 884 (E.D. Va. 2005) (quoting *United States v. Arvin*, 900 F.2d 1385, 1390 (9th Cir. 1990)). Courts, including district courts within the Fourth Circuit, have primarily looked to the six "*Dost* factors" as <u>guideposts</u> for the "commonsensical" inquiry into whether a particular visual depiction is "lascivious." *See, e.g.*, *Whorley*, 400 F. Supp. 2d at 883–84 (determining the *Dost* factors were relevant, but not controlling, to the lascivious question, and rejecting expert testimony on "whether

an image is lascivious," as " 'lascivious' is a 'commonsensical term' " (quoting <u>Arvin</u>, 900 F.2d at 1390)). The <u>Dost</u> factors are:

> 1) whether the focal point of the visual depiction is the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Whorley*, 400 F. Supp. 2d at 883 (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987)).

The *Dost* factors are neither exhaustive nor controlling on the question of whether a depiction is lascivious. Further, no one factor is outcome-determinative, nor do all the factors need to be present for a finding of lasciviousness. *See Whorley*, 400 F. Supp. 2d at 883 (quoting cautionary language from *Dost*, 636 F. Supp. at 832).

The courts that have adopted, or otherwise endorsed or allowed the use of, the *Dost* factors have all followed this comprehensive approach. *See United States v. Wells*, 843 F. 3d 1251, 1253–54 (10th Cir. 2016); *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016); *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011); *United States v. Larkin*, 629 F.3d 177, 182 (3d Cir. 2010); *United States v. Brown,* 579 F.3d 672, 680 (6th Cir. 2009); *United States v. Rivera*, 546 F.3d 245, 249–50 (2d Cir. 2008); *United States v. Hill*, 459 F.3d 966, 972 (9th Cir. 2006); *United States v. Frabizio*, 459 F.3d 80, 87–88 (1st Cir. 2006); *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999).

**14a-4**- This image was generated on November 17, 2016 at 7:36:02 p.m. from premiumhentai.biz. The image depicts a cartoon female minor with braided hair engaged in oral-genital sex with a male.

**14a-6**- This exhibit depicts two cartoon images generated on November 17, 2016 at 6:42:40 p.m. from a Bing.com search of "cg Lolita." The first cartoon image, 14a-6a depicts bondage and lascivious exhibition of the genitals of a female minor laying on a bed with her head on a pillow and her legs spread. The second cartoon image depicts lascivious exhibition of the genitals of a female minor lying on her side.

**14a-7-** This exhibit depicts two cartoon images captured from a Bing.com search of "Vip Zona 3D Hentai" on November 17, 2016 at 6:54:58 p.m. The first image, 14a-7a depicts oral-genital sexual intercourse of a female minor and an adult male and is captioned "Cum Twice in 3D Teen!" The second cartoon image, 14a-7b depicts lascivious exhibition of a female minor and is captioned "My Little Sister Can't Be This Easily Corrupted."

**14a-8**- This exhibit depicts one cartoon image captured from a Bing.com search of "Shotacon 3D Little Girl" on November 17, 2016 at 7:00:47 p.m. The image depicts genital-genital sexual intercourse with a male and minor female and is captioned "3d cute loli fucked hard."

**14a-9**- This exhibit depicts one cartoon image captured from a Bing.com search of "Toddlercon Sex" on November 17, 2016 at 7:07:13 p.m. This image depicts oral-genital sexual intercourse with a minor female.

**14a-10**- This exhibit depicts one cartoon image captured on November 17, 2016 at 7:09 p.m. from a Bing.com search of "Animated Toddlercon Sex." The image depicts a cartoon male minor and an adult female engaged in genital-genital sexual intercourse and is captioned "denis the menace fucks his mom."

**14a-11**- This exhibit depicts one cartoon image generated on November 17, 2016 at 7:15:13 p.m. from a search of "Toddlercon Sex Movies." The image depicts an adult male digitally penetrating a prepubescent female minor as she engages in oral-genital sex with the adult male.

**14a-12**- This exhibit depicts one cartoon image generated on November 17, 2016 at 7:12:02 p.m. from a Bing.com search of "Toddlercon Sex Movies." The image depicts oral-genital sexual intercourse with a prepubescent female minor and a penis.

**14a-13**- This exhibit depicts one cartoon image generated on November 17, 2016 at 7:26:04 p.m. from premiumhentai.site/tag/cum-in-mouth/page/2. The image depicts lascivious exhibition of the genitals of a female minor.

**14a-14-** This exhibit contains four cartoon images generated on November 17, 2016 at 7:27:34 p.m. from premiumhentai.site, and the tab is labeled "Vinput Lolicon 3D pack." The images depicted to the left is lascivious exhibition of a prepubescent male, who is lying on his back with his legs spread and genitals exposed. The image is labeled "ONLY BEST SHOTACON" and "CLICK HERE TO VISIT."

**14a-15**- This exhibit contains one cartoon image generated on November 17, 2016 at 7:31:36 p.m. from premiumhentai.site, and depicts lascivious exhibition of the genitals of a female minor. The image is tagged under "3D loli, black, cute girls, hard, hardcore, licking, lolicon, nude, posing, rape, slutty, sucking, very cute."

**14a-16-** This exhibit contains one cartoon image generated on November 17, 2016 at 7:36:22 p.m. from premiumhentai.biz. The image depicts a female minor engaged in oral-genital sexual intercourse.

CONCLUSION

Viewed in the light most favorable to the government, there is sufficient evidence for a rational trier of fact to find the essential elements of the crime of attempted receipt of obscene visual depictions of the sexual abuse of children for images for images 14a-1a, 14a-1b, 14a-1c, 14a-2, 14a-4, 14a-6a, 14a-6b  14a-7a, 14a-7b,  Therefore, the defendant's motion should be denied.


     Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney




By:_____/s/_____
Megan M. Cowles
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Megan.cowles@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2018, I electronically filed the foregoing document for which conventional service is required with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amanda Conner, Esq.
Andrew Grindrod, Esq.
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800

By: _____/s/_____

Megan M. Cowles
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Megan.cowles@usdoj.gov