# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Newport News Division

UNITED STATES OF AMERICA

v.

ELMER EMMANUEL EYCHANER, III

Defendant.

Case Number: 4:17cr76-001

USM Number: 57785-083

Defendant's Attorney: Andrew Grindrod
Amanda Conner

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty by a jury on Counts 2,3,4 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 1466A(a)(1) and T. 18, USC Section 2252A(b)(1) | Attempted Receipt Obscene Visual Representation of the Sexual Abuse of Children | Felony | November 17, 2016 | 2 |
| T. 18, USC Section 1519 | Destruction of a Tangible Object to Impede a Federal Investigation | Felony | November 17, 2016 | 3 |
| T. 18, USC Section 1512(c)(1) | Obstruction of Justice-Attempted Evidence Tampering | Felony | November 17, 2016 | 4 |

As pronounced on August 23, 2018, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 24th day of August, 2018.

/s/
Mark S. Davis
United States District Judge

| | |
|---|---|
| Case Number: | 4:17cr76-001 |
| Defendant's Name: | EYCHANER, III, ELMER EMMANUEL |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED THIRTY-FIVE (235) MONTHS**. This term of imprisonment consists of a term of TWO HUNDRED THIRTY-FIVE (235) MONTHS on Count 2, a term of TWO HUNDRED THIRTY-FIVE (235) MONTHS on Count 3, and a term of TWO HUNDRED THIRTY-FIVE (235) MONTHS on Count 4, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall participate in a Sex Offender Treatment Program while incarcerated.

2) The defendant shall be incarcerated in a facility as close to the Minnesota area as possible.

3) The defendant shall participate in treatment for childhood trauma while incarcerated and when he is released.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Case 4:17-cr-00076-MSD-LRL Document 117 Filed 08/24/18 Page 3 of 7 PageID# 1656
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 3 of 7
Sheet 3 – Supervised Release

Case Number: 4:17cr76-001
Defendant's Name: EYCHANER, III, ELMER EMMANUEL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**. This term consists of a term of FIVE (5) YEARS on Count 2, a term of THREE (3) YEARS on Count 3 and a term of THREE (3) YEARS on Count 4, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Case Number: | 4:17cr76-001 |
| Defendant's Name: | EYCHANER, III, ELMER EMMANUEL |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include psychosexual evaluation, and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer.

2) The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of the defendant's sex offender therapeutic program. The costs of the testing are to be paid by the defendant, as directed by the probation officer. To the extent he wishes to assert his Fifth Amendment rights during such testing, he may do so, and that issue may be brought back to the Court to determine whether the defendant should be compelled to respond.

4) The defendant shall submit to Abel Assessment for Sexual Interest (AASI) or similar tests as directed by the United States Probation Office as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

5) The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

6) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.

7) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

8) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

9) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

10) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

11) The defendant shall not possess or use a computer or other device that would facilitate Internet access.

| | |
|---|---|
| Case Number: | 4:17cr76-001 |
| Defendant's Name: | **EYCHANER, III, ELMER EMMANUEL** |

12) The defendant shall consent to the use of Wi-Fi detections devices, to allow the probation officer to detect the presence of wireless signals inside or outside of the defendant's residence, or any other electronic devices to detect computer usage in defendant's residence.

| Case Number: | 4:17cr76-001 |
| --- | --- |
| Defendant's Name: | EYCHANER, III, ELMER EMMANUEL |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
| --- | --- | --- | --- |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$300.00** | **$0.00** | **$0.00** |

# FINES

No fines have been imposed in this case.

Case Number: 4:17cr76-001
Defendant's Name: EYCHANER, III, ELMER EMMANUEL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

At the time of supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment ordered and shall notify the court of any changes that may be needed to be made to the payment schedule.

Any special assessment may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including the special assessment, shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.